**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**EASTERN DIVISION**

DIMITRIOS MANOLATOS,
REG. #27514-034                                                                                    PLAINTIFF

v.                                            2:12-cv-00216-JLH-JTK

JILL DUBE-GILLEY, et al.                                                               DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge J. Leon Holmes.  Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection.  If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection.  An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations.  The copy will be furnished to the opposing party.  Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.       Why the record made before the Magistrate Judge is inadequate.

2.       Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

1

3.      The detail of any testimony desired to be introduced at the hearing before the

District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or

other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional

evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## DISPOSITION

### I.      Introduction

Plaintiff Dimitrios Manolatos is a federal inmate confined at the Forrest City Low Federal

Correctional Institution (FCI).  He filed this civil rights action pursuant to Bivens v. Six Unknown

Named Agents, 403 U.S. 388 (1971), alleging violations of his First, Fifth, and Sixth Amendment

rights with respect to denial of grievance appeals and interference with his legal mail.  He also

alleges violations of the Torture Victim Protection Act, 28 U.S.C. § 1350, and the Federal Tort

Claims Act (FTCA), 28 U.S.C. § 2671 et seq. Defendants are Warden T. C. Outlaw and Unit

Manager Jill Dube-Gilley of the FCI; G. Maldonado and Harrell Watts, of the Federal Bureau of

Prisons; and Charles R. Fulbruge, III, and Tiffany Bryan, who are Clerks with the United States

Court of Appeals, Fifth Circuit.

### II.     Screening

The Prison Litigation Reform Act (PLRA) requires federal courts to screen prisoner

complaints seeking relief against a governmental entity, officer, or employee.  28 U.S.C. §

1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

An action is frivolous if "it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). Whether a plaintiff is represented by counsel or is appearing pro se, his complaint must allege specific facts sufficient to state a claim. See Martin v. Sargent, 780 F .2d 1334, 1337 (8th Cir.1985).

An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 504 U.S. 25, 32 (1992).

Following the United States Supreme Court's opinion in Ashcroft v. Iqbal, 556 U.S. 662 (2009), to survive a court's 28 U.S.C. § 1915(e)(2) and 42 U.S.C. § 1997e(c)(1) screening, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." Id. at 678, citing Twombly, 550 U.S. at 570. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Id. at 556. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short

of the line between possibility and plausibility of entitlement to relief." Id. at 556-7.

III.    **Facts and Analysis**

Plaintiff's complaint can be divided into three basic claims: 1) interference with his legal mail

by "unknown personnel of BOP either of this FCC (L) Forrest City AR or, of any other office/section -

federal Individual" (Doc. No. 2, p. 12) (pp. 9-17); 2) interference with the grievance process by

Defendants Outlaw, Dube-Gilley, Maldonado and Watts, by virtue of their denials of his grievances

and appeals (Id. at pp. 23-32); and 3) interference with his legal mail in 2005-2007 by Defendants

Fulbruge and Bryan with respect to his federal criminal case (Id. at pp. 18-22).  Having reviewed

Plaintiff's Complaint and his attachments, the Court finds that it lacks the facial plausibility set forth

in Twombly, supra, and fails to state a claim upon which relief may be granted.

A.    **Interference with legal mail - unknown defendants**

Plaintiff's first allegation deals with several instances in which attempts to send or receive legal

mail met with delays.  He cites an instance in August, 2010, in which he attempted to mail information

to the United States Attorney General concerning the misconduct which occurred by federal agents

involved in Plaintiff's criminal investigation, arrest, and prosecution (Doc. No. 2, pp. 10-11, pp. 45-

47).  He states that this mail, which was properly addressed to the Attorney General in Washington,

D.C., was improperly sent to California, then to Oklahoma, and finally returned to him at FCC, Forrest

City.  He states that further attempts to send the information to the Attorney General resulted in no

response and no verification of receipt, and that this interference was caused by "unknown personnel

of BOP...or, of any other Office/Section - Federal Individual." (Doc. No. 2, p. 46).  He also states that

the interference prevented him from notifying the Attorney General about the misconduct in his

criminal case.  (Id. at p. 47.)

Plaintiff also states he attempted to send letters to various organizations, requesting legal assistance, and that he either did not receive an answer to his letter or the letters were returned to him. (Doc. No. 2, pp. 13-14, 58-60.)  He also sent a letter to an attorney in Houston, Texas, using the address on the attorney's business card, in which he requested assistance in obtaining case law relevant to his criminal matter.  He states that the letter was returned as not deliverable, and that the mail was mishandled by "same Individuals of the BOP."  (Doc. No. 2, p. 60.)

A third incident complained about concerns divorce papers which were sent to him by his wife in Greece, and which were improperly delivered following a two-month delay (Id. at pp. 15-17, 68-71). Again, Plaintiff states the delay was caused by "UNKNOWN Federal Individuals," and deprived him of his right to timely respond and object to the divorce proceedings.  (Id. at p. 70).

"A Bivens claim is a cause of action brought directly under the United States Constitution against a federal official acting in his or her individual capacity for violations of constitutionally protected rights."  Buford v. Runyon, 160 F.3d 1199, 1203, n. 6 (8th Cir. 1998).   Although the First Amendment protects an inmate's right to receive mail, the right may be limited by reasonable prison regulations.  Weiler v. Purkett, 137 F.3d 1047, 1051 (8th Cir. 1998); Turner v. Safley, 482 U.S. 78, 92 (1987).  In this case, Plaintiff does not allege that any specific individual (or any named Defendant) interfered with this right, and he does not allege that an improper prison regulation was the cause for the interference.  Therefore, the Court finds that he fails to state a First Amendment claim for relief.

In order to support a Fifth Amendment claim for relief, Plaintiff must show that Defendants' behavior "shocks the conscience or interferes with rights implicit in the concept of ordered liberty." Weiler v. Purkett, 137 F.3d at 1051.  In this case, although Plaintiff has a right to receive legal mail, he does not allege any conduct by any of the named Defendants that is "truly irrational,...., something more than ... arbitrary, capricious, or in violation of state law."  Id., quoting Chesterfield Dev. Corp.

v. City of Chesterfield, 963 F.2d 1102, 1104 (8th Cir. 1992) (other citations omitted).

Finally, in order to support a Sixth Amendment claim for denial of access to the Courts, Plaintiff must show that Defendant's interference with his legal mail impeded his access to the court or prejudiced an existing action, resulting in "actual injury." Lewis v. Casey, 518 U.S. 343, 349 (1996). In this case, Plaintiff cannot identify any of the named Defendants as involved in the mail interference. Furthermore, with the exception of the divorce proceeding, he provides no evidence to support a finding of actual injury to a legal claim. Therefore, the Court finds Plaintiff's Complaint fails to contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. at 678, citing Twombly, 550 U.S. at 570.

**B.      Interference with the grievance process**

Plaintiff states he filed several grievances about the interferences and delays with his legal mail, and that Defendants Outlaw, Dube-Gilley, Maldonado, and Watts failed to resolve his concerns. He filed an informal resolution attempt concerning the delayed divorce papers, complaining about the "Intentional and Systematic obstruction of his Legal mail, which was being impeded for not reaching at all, or, in time, to it's destination, ... resulting to his disability to respond/object to the Initiative procedure of Divorce." (Doc. No. 2, p. 101.) In his Response, Warden Outlaw stated that Plaintiff's case manager tried to resolve his concerns about his legal mail, that Plaintiff provided no evidence to support his claim that the mailroom staff acted outside the scope of their duties, that mailroom logs were reviewed, and that no concerns were noted. (Id. at p. 105.) He continued, "Every effort will be made to continue to assist you regarding legal correspondence. You will be placed on call out, for a meeting with the CMC and your Unit Manager, in an effort to further address your concerns. Please see your Unit manager for details of the meeting." (Id.) Warden Outlaw similarly responded to a second informal resolution complaining about problems with his legal mail on September 12, 2011.

(Id. at p. 111.)  In response to Plaintiff's appeal, Defendant Maldonado stated that he "thoroughly reviewed" the appeal and found that Plaintiff failed to provide evidence to substantiate his claim that his mail was delayed or opened in error.  (Id. at p. 115.)  Defendant Watts' response to Plaintiff's appeal also states that no evidence was found to support Plaintiff's allegations of improper processing. (Id. at p. 125.)

Plaintiff does not allege that these individual Defendants actually took part in the delay or interference with his legal mail.  He also does not allege that they prevented him from filing grievances or interfered with his ability to exhaust his administrative remedies, as required by the Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997e.  In fact, he states in his Complaint that he "presented his Claim against the defendants, and exhausted same via, the ADMINISTRATIVE REMEDY" Indicated Process, within the federal Bureau of Prisons." (Doc. No. 2, p. 7).  Instead,  he complains about their responses to his grievance complaints and their failure to resolve the legal mail interference issues. "[A prison] grievance procedure is a procedural right only, it does not confer any substantive right upon the inmates.  Hence, it does not give rise to a protected liberty interest requiring the procedural protections envisioned by the fourteenth amendment.  Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993).  In addition, Plaintiff "does not have a federal claim regarding how his grievances were processed, investigated, or responded to, even if they were not done by the appropriate personnel or in accord with the policies." Edgar v. Crawford, No. 08-4279-CV-C-SOW, 2009 WL 3835265 *3 (W.D.MO).

Therefore, the Court finds that Plaintiff's allegations against Defendants Outlaw, Dube-Gilley, Maldonado and Watts, concerning their responses to his grievances, fail to support a claim upon which relief may be granted.

**C.     Interference with legal mail - 5th Circuit**

Following a jury trial in the United States District Court, Eastern District of Louisiana, Plaintiff

was convicted on October 15, 2001, of conspiracy to import a controlled substance and aiding and

abetting the sale, distribution or dispensement of cocaine hydrochloride.  United States of America v.

Manolatos, et al., 2:01-cv-00156-EEF.  Plaintiff was represented by counsel at trial,  and thereafter

filed a motion for judgment of acquittal/new trial/arrest of judgment, all of which were denied on

January 18, 2002.  (Id.)  He filed a notice of Appeal to the Fifth Circuit, which was denied on

September 3, 2003, and a motion to vacate his sentence, which was denied on May 10, 2005.  (Id.)

A motion for certificate of appealability was denied on November 13, 2006.  (Id.)  In the present

Complaint, Plaintiff alleges that Defendants Fulbruge and Bryan committed frauds by mishandling his

legal mail to the Fifth Circuit during the time period of 2005-2007.  In particular, Plaintiff refers to an

effort to have his case reviewed and clarified through a rehearing en banc, which he claims was denied,

and to an alleged delay in mailing of the denial of his request for a certificate of appealability, which

he claims was not mailed until November 13, 2006.[1]  Plaintiff also claims that he mailed a motion for

enlargement of time in December, 2006, which was returned to him for postage due, and then

summarily denied by Defendant Bryan.  (See Doc. No. 2, pp. 83-89.)[2]


The Court finds that these allegations should be dismissed, for several reasons.  First, Plaintiff

---

[1]According to the docket of Plaintiff's criminal matter, the motion for a certificate of
appealability was denied on November 13, 2005, the same date Plaintiff states it was mailed to
him - Docket entry number 136.

[2]Plaintiff also appears to allege that these Defendants might have been associated with
improprieties which were uncovered following the suicide in 2007 of a 5th Circuit staff member
who alleged that he was instructed by judges to summarily deny appeals filed by pro se convicts,
thereby ignoring the requirement that criminal writ applications be reviewed by three judges.
Doc. No. 2, pp. 62-67.

does not clearly allege how the Defendants' actions caused him actual injury, as set forth in <u>Lewis v.</u> <u>Casey</u>, <u>supra</u>.  Second, the applicable statute of limitations period in a <u>Bivens</u> action is the same as that applied to civil rights actions filed pursuant to 42 U.S.C. § 1983.  <u>Sanchez v. United States</u>, 49 F.3d 1329, 1330 (8th Cir. 1995).  The limitations period for a § 1983 action is governed by the statute of limitations for personal injury actions in the state in which the claim accrues.  <u>See</u> <u>Wilson v. Garcia</u>, 471 U.S. 261, 280 (1985).  In this particular case, Plaintiff alleges that the incidents occurred while he was incarcerated at the FCI, Forrest City, Arkansas, and the statute of limitations for personal injury actions in Arkansas is three years.  ARK. CODE ANN. 16-56-105(3).  Therefore, Plaintiff's complaints about incidents which occurred in 2005-2007 are barred by the statute of limitations.  And finally, it appears that this Court may lack personal jurisdiction over Defendants Fulbruge and Bryan.  In order to establish personal jurisdiction over these Defendants, who are employees of the Fifth Circuit Court of Appeals, Plaintiff must allege that both statutory and constitutional jurisdictional requirements are met; that is, that their conduct fell within the Arkansas long-arm statute, and that they maintained minimum contacts with Arkansas, the forum state.  <u>See</u> <u>Wines v. Lake Havasu Boat Manufacturing,</u> <u>Inc.</u>, 846 F.2d 40, 42 (8th Cir. 1988), and <u>Duarte v. United States Bureau of Prisons</u>, 1995 WL 708427 (D.Kansas 1995).  The Arkansas long-arm statute, ARK.CODE ANN. § 16-4-101, et seq., provides that a court may exercise personal jurisdiction over "all persons, and all causes of action or claims for relief, to the maximum extent permitted by the due process clause of the Fourteenth Amendment of the United States Constitution."  The due process clause, in turn, provides that there be minimum contacts between the nonresident defendants and the forum state, such that maintaining the suit does not "offend traditional notions of fair play and substantial justice."  <u>International Shoe Co. v.</u> <u>Washington</u>, 66 S.Ct. 154, 158 (1945).

In this particular case, it appears from Plaintiff's complaint that Defendants Fulbruge and

Bryan were employees of the Fifth Circuit in Louisiana, and the allegations against them concern

actions taken by them in Louisiana. Plaintiff does not allege that these Defendants maintained any

contacts with the State of Arkansas or that they conducted business within the state. Therefore, the

Court finds that these claims and Defendants also should be dismissed from Plaintiff's complaint.

**D.     Torture Victim Protection Act**

Portions of this Act provide as follows:

>        (a) Liability. – An individual who, under actual or apparent authority, or color
> of law, of any foreign nation --
>                (1) subjects an individual to torture shall, in a civil action, be liable for
> damages to that individual; or
>                (2) subjects an individual to extrajudicial killing shall, in a civil action,
> be liable for damages to the individual's legal representative,...

Plaintiff appears to claim that the above-discussed allegations against Defendants also

constitute violations of this Act. However, the Act does not appear to apply to the allegations set forth

by Plaintiff, and therefore, this portion of his Complaint should be dismissed.

**E.     Federal Tort Claims Act**

Plaintiff also claims a violation of the FTCA. However, that Act provides relief against the

United States only, and not individual Defendants, for "injury or loss of property or personal injury

or death caused by the negligent or wrongful act or omission of any employee of the agency,..." 28

U.S.C. §§ 1346(b), 2672. See also Federal Deposit Insurance Corporation v. Meyer, 510 U.S. 471,

477 (1994). Not only has Plaintiff not sued the United States, but his allegations against Defendants

do not appear to fall within the meaning of the Act. Therefore, these allegations also should be

dismissed.

**IV.     Conclusion**

IT IS, THEREFORE, RECOMMENDED that:

1.      Plaintiff's Complaint against Defendants be DISMISSED, for failure to state a claim upon which relief may be granted.

2.      This dismissal be considered a "strike" within the meaning of the Prison Litigation Reform Act (PLRA), 28 U.S.C. § 1915(g).[3]

3.      The Court certify that an in forma pauperis appeal from this Memorandum and Order and accompanying Judgment will not be taken in good faith.  28 U.S.C. § 1915(a)(3).

IT IS SO RECOMMENDED this 19th day of November, 2012.

 

 

_____
 JEROME T. KEARNEY
 UNITED STATES MAGISTRATE JUDGE

---

[3]The statute provides that a prisoner may not file an in forma pauperis civil rights action or appeal if the prisoner has, on three or more prior occasions, filed an action or appeal that was dismissed as frivolous, malicious or for failure to state a claim, unless the prisoner is under imminent danger of serious physical injury.